**IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TRUSTEES OF THE IUPAT DISTRICT COUNCIL** | * | |
| **NO. 51 HEALTH & WELFARE FUND** | * | |
|     4700 Boston Way | * | |
|     Lanham, MD 20706 | * | |
| | * | |
|     and | * | |
| | * | |
| **TRUSTEES OF THE PAINTERS & ALLIED TRADES** | * | |
| **LABOR MANAGEMENT COOPERATION FUND** | * | **COMPLAINT** |
|     7234 Parkway Drive | * | |
|     Hanover, MD 21076 | * | **Civil Action No.: 19-cv-2642** |
| | * | |
|     and | * | |
| | * | |
| **INTERNATIONAL UNION OF PAINTERS & ALLIED** | * | |
| **TRADES DISTRICT COUNCIL NO. 51** | * | |
|     4700 Boston Way | * | |
|     Lanham, MD 20706 | * | |
| | * | |
|     and | * | |
| | * | |
| **TRUSTEES OF THE PAINTERS & ALLIED TRADES** | * | |
| **DISTRICT COUNCIL NO. 51 JOINT** | * | |
| **APPRENTICESHIP TRAINING AND JOURNEYMAN** | * | |
| **EDUCATION** | * | |
|     4700 Boston Way | * | |
|     Lanham, MD 20706 | * | |
| | * | |
| **PLAINTIFFS** | * | |
| | * | |
| v. | * | |
| | * | |
| **KEM ARTIFEX, LLC** | * | |
|     7526 Connelley Drive | * | |
|     Hanover, MD 21076 | * | |
| | * | |
| **DEFENDANT** | * | |
| | * | |

1

**COMPLAINT**
**(Action Under ERISA and the LMRA)**

Plaintiffs, Trustees of the IUPAT District Council No. 51 Health and Welfare Fund, Trustees of the Painters and Allied Trades Labor Management Cooperation Fund, Trustees of the Painters and Allied Trades District Council No. 51 Joint Apprenticeship Training and Journeyman Education, and the International Union of Painters and Allied Trades District Council No. 51 (collectively "the Trust Funds"), file this Complaint against Defendant, KEM Artifex, LLC ("KEM"), for monies due, arising from the contractual relationship between the parties.

This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Jurisdiction and venue are conferred on this Court by 29 U.S.C. §§ 185(a), 1132(a), (e), and (f). This action arises from the failure of Defendant to submit payment of employee benefit contributions and union dues - which Defendant originally owed pursuant to ERISA and LMRA-covered trust agreements and collective bargaining agreements.

**PARTIES**

1. Plaintiff Trustees of the IUPAT District Council No. 51 Health and Welfare Fund ("Trust Fund") are Trustees of a multi-employer employee benefit plan established pursuant to Sections 3(3) and 3(37) of ERISA, as amended, 29 U.S.C. §§ 1002(3) and (37). The Trust Fund is established and maintained pursuant to the provisions of an Agreement and Declaration of Trust and the Collective Bargaining Agreement ("the DC 51 Agreement")

2

between the International Union of Painters and Allied Trades, District Council 51, a labor organization, and contractors in the painting and drywall industry and allied trades. The Trust Fund is authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Trust Fund is administered in the State of Maryland from its Administrator's principal place of business at 4700 Boston Way, Lanham, MD, 20706.

2. Plaintiff Trustees of the Painters and Allied Trades District Council No. 51 Joint Apprenticeship Training and Journeyman Education Fund ("DC 51 JATF") are the Trustees of a multi-employer employee benefit plan established pursuant to Sections 3(3) and 3(37) of ERISA, as amended, 29 U.S.C. §§ 1002(3) and (37). The DC 51 JATF is established and maintained pursuant to the provisions of an Agreement and Declaration of Trust and the DC 51 Agreement. The DC 51 JATF is authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The DC 51 JATF is administered in the State of Maryland from its Administrator's principal place of business at 4700 Boston Way, Lanham, Maryland 20706.

3. Plaintiff Trustees of the Painters and Allied Trades Labor Management Cooperation Fund ("LMCF") are the Trustees of a multi-employer employee benefit plan established pursuant to Sections 3(3) and 3(37) of ERISA, as amended, 29 U.S.C. §§ 1002(3) and (37). The LMCF is established and maintained pursuant to the provisions of its Agreement and Declaration of Trust. The LMCF is authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The LMCF is administered in the State of Maryland at its principal place of business at 7234 Parkway Drive, Hanover, MD 21076.

4. Plaintiff International Union of Painters and Allied Trades District Council No. 51 ("DC 51") is a labor organization within the meaning of Section 101(5) of the LMRA, 29 U.S.C. § 152(5), and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). DC 51 is located at 4700 Boston Way, Lanham, Maryland 20706.

5. Defendant KEM Artifex is a private employer that does business in Maryland. Upon information and belief, it is incorporated in the State of Maryland with its principal place of business located at 7526 Connelley Drive, Hanover, MD 21076. Defendant is or was engaged as a contractor or subcontractor in the glazing and building finish industry at all times herein and was "an employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the LMRA, 29 U.S.C. §§142(1), (3) and 152(2); Sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) of ERISA, and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001(a).

**THE COLLECTIVE BARGAINING AGREEMENT AND THE TRUST AGREEMENTS**

6. Defendant is or was at all times relevant to this Complaint a party to the DC 51 Agreement. Pursuant to the DC 51 Agreement, Defendant is bound to the Agreements and Declarations of Trust establishing the Trust Fund, the DC 51 JATF, and the LMCF, respectively (collectively "Trust Agreements"). Furthermore, by submitting contributions to each Fund, Defendant is bound by the provisions of the Trust Agreements.

7. The DC 51 Agreement gives the Plaintiffs the right to take whatever steps are necessary to secure compliance with the terms contained therein and assess the cost of such steps on the breaching employer.

## DEFENDANTS' FAILURE TO SUBMIT DUES AND CONTRIBUTIONS AND SUBSEQUENT CONFESSION OF JUDGMENT

8. During the period covering November 27, 2016 through July 31, 2019, and in violation of its obligations under the DC 51 Agreement and the Trust Agreements, Defendant failed to remit union dues and employee benefit contributions to the Plaintiffs.

9. During the period November 27, 2016-July 31, 2019 Defendant failed to submit the required monthly remittance reports.

10. Defendants also failed to submit the required monthly remittance reports for May 2016-November 2016. These remittance reports were addressed in Civil Action No.: 8:17-cv-208, filed against KEM Artifex and its Vice President, Larry Anderson.

11. Under the terms of the Agreement and Declaration of Trust for the DC 51 Health and Welfare Fund, when a delinquent employer fails to submit the required monthly reports, the Trustees may project the amount of the delinquency for such months based on the greater of the average of the monthly payments actually made by the Employer for the last three months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve months for which payments were made.

12. The last three months for which reports were made by KEM occurred during the period February-April 2016.

13. In February 2016, KEM owed $3,584.07; in March 2016, KEM owed $4,800.17, and in April, KEM owed $4,873.56.

14. Averaging these amounts, using the "three-month" approach in the Trust agreement, KEM owes $4,419.27 for each of the 32 full months occurring during the period November 27, 2016-July 31, 2019.

15. In total, Defendant owes **$141,416.64**, not including statutory liquidated damages, attorney's fees and costs.

16. Pursuant to Section 1132(g) of ERISA, Defendant owes the Trust Fund, the DC 51 JATF, and the LMCF statutory liquidated damages of 20% of Defendants' unpaid contributions. Thus, Defendants owe statutory liquidated damages to the Funds in the amount of **$28,283.33**.

17. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of Treasury by certified mail as required by 29 U.S.C. Section 1132(h).

## COUNT I – Violation of ERISA Sections 502 and 515

18. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 17 of this Complaint.

19. Defendant's failure and refusal to submit the above-referenced fringe benefit contributions to the Plaintiffs violates Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

## COUNT II – Violation of LMRA Section 301

20. Plaintiffs re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 19 of this Complaint.

21. Defendant's failure and refusal to submit the above-referenced union dues to the Plaintiffs violates Section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE,** Plaintiffs ask that this Court:

1. Require Defendants to pay **$172,599.97**:

    a. **$141,416.64** in delinquent contributions owed to the Trust Funds;

    b. **$28,283.33** in statutory liquidated damages owed to the Trust Funds;

    c. **$400** in filing fees;

    e. **$2,500** in attorneys' fees; and

    f. all costs of collection determined at the time of the Final Judgment, including, but not limited to, further attorneys' fees and post-judgment interest.

        Respectfully submitted,

        /s/ Michael Melick
        Michael Melick
        Bar No. 29176
        Barr & Camens
        1025 Connecticut Avenue NW
        Suite 712
        Washington, D.C.   20036
        (202) 293-9222
        (202) 223-8417 (fax)

        Counsel for Plaintiffs